IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Abbey Beemer, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Clarendon County,<br><br>　　　　　　　　Defendant. | C/A No. 2:22-cv-01145-DCN<br><br>**COMPLAINT FOR COLLECTIVE ACTION**<br>**(Jury Trial Demanded)** |

Plaintiff, Abbey Beemer, individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members"), by way of this Complaint in the above-captioned matter, would allege and show unto this Honorable Court the following:

## NATURE OF THE ACTION

1. Plaintiff, Abbey Beemer ("Plaintiff") is an EMS working for Clarendon County ("Defendant"). Plaintiff consistently worked but was not paid for overtime. Defendant willfully and intentionally mischaracterized Plaintiff and many other similarly-situated employees as exempt rather than non-exempt. This action is brought individually and as a collective action for unpaid overtime compensation, liquidated damages, attorney's fees, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"). The collective action provisions under the FLSA for opt-in class participation.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff, Abbey Beemer, is a resident of the state of South Carolina and resides in Clarendon County, South Carolina.

1

3. Defendant is a municipality located in Clarendon County.

4. Plaintiff is an employee of Clarendon County Fire Rescue which is part of Defendant. EMS falls under Clarendon County Fire Rescue.

5. Plaintiff brings this action individually and as an opt-in, collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of individuals employed by Defendant who are/were EMS workers at any time during a three-year period preceding the filing of this Complaint who have not been compensated overtime wages at least one and a half times their regular hourly rate for all hours worked beyond forty (40) per week.

6. Upon information and belief, this action satisfies the requirements of Rule 23(a), Fed. Civ. P., as alleged in the following particulars:

   A. The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable;

   B. There are questions of law and/or fact common to the members of the proposed Plaintiff class;

   C. The claims of Plaintiff, the representative of the proposed Plaintiff class, are typical of the claims of the proposed Plaintiff class; and,

   D. Plaintiff, the representative of the proposed Plaintiff class, will fairly and adequately protect the interests of the class.

7. In addition, upon information and belief, this action satisfies one or more of the requirements of Rule 23(b), Fed. R. Civ. P., because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

8. Upon information and belief, Defendant has employed numerous personnel in the past three years who are/were similarly situated to Plaintiff, who are/were mischaracterized as salaried employees (or some other hybrid salaried/hourly method) and who frequently worked more than 40 hours in a week and not paid time and a half, as required by law.

9. Upon information and belief, some or all of the payroll records and other documents related to the employment and payroll practices that Plaintiff challenges are located within this District.

10. This Court has subject matter jurisdiction over this suit pursuant to the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this suit raises federal questions under the FLSA.

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391, because Defendant does business within this judicial district and division, and the majority of unlawful labor practices giving rise to Plaintiff's claims were committed in the Charleston Division of this Court.

## **FACTS**

12. Plaintiff repeats and re-alleges all preceding paragraphs of this Complaint as if fully set forth in this section.

13. Defendant employed/s Plaintiff, Abbey Beemer, as an EMS worker at its facility located at 219 Commerce Street, Manning, SC, 29102, during some or all relevant times related to this action.

14. Upon information and belief, Defendant currently employs about twenty-four (24) full-time EMS workers and has employed more within the past three years.

Defendant employs a total of about forty (40) EMS workers, some of which are classified as part-time but have worked more than 40 hours in a week on occasions.

16. At all times relevant herein, Defendant is/was the "employer" of Plaintiff and other similarly situated individuals within the meaning of the FLSA.

16. At all relevant times herein, Defendant created, administered, and controlled all, if not most, of Plaintiff's and other similarly situated employees' job descriptions, job duties, assignments, work schedules, employment conditions, wages, benefits, and records regarding their employment.

17. Plaintiff and other similarly situated employees are/were classified by Defendant as non-exempt under the FLSA and are/were paid at salaried rate or under an illegal hybrid salary/hourly system.

18. At all relevant times herein, Defendant's employment practices required Plaintiff and other similarly situated employees to regularly and consistently work beyond forty (40) hours a week.

19. Defendant assigned duties to Plaintiff and other similarly-situated EMS workers to administer EMS services. None of these activities meet the requirements for Plaintiff to be exempt. Plaintiff's position and the position of similarly-situated EMS workers is not Administrative, Executive, nor Professional.

20. Plaintiff was told she could get a pay increase if she got her fire rescue certification. Plaintiff did get the certification, but her pay was never increased. Moreover, Plaintiff indicated prior to getting the certification that she did not want to fight fires and she has not done any firefighter duties for Defendant or otherwise.

4

21. The way Defendant attempted to pay at least some overtime is confusing. However, it appears that Defendant is attempting to treat its EMS workers the same as firefighters under the FLSA. If this is accurate, it is illegal.

22. At all relevant times herein, Defendant's employment practices required Plaintiff and other similarly situated employees to work twenty-four (24) hour shifts. They were also required to attend meetings and training sessions, some of which Plaintiff has not be paid to attend.

23. Defendant knew or should have known that Plaintiff and other similarly situated employees were not exempt employees under the FLSA. Defendant is liable for violations of the FLSA.

## FOR A FIRST CAUSE OF ACTION
(Fair Labor Standards Act- Failure to Pay Overtime Wages)
(Individual and Collective Action, 29 U.S.C. § 201 *et seq.*)

24. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

25. Plaintiff brings her claim for relief in violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who are or were employed by Defendant as salaried Line Supervisors at any time and at any of Defendant's facilities or locations located within the United States within the applicable statute of limitations period.

26. Defendant Clarendon County is an "employer" for purposes of the FLSA, 29 U.S.C. § 203(d).

27. Plaintiff and other similarly situated EMS workers are/were employees of Defendant for purposes of the FLSA, 29 U.S.C. § 203(e)(1) during times relevant to this Complaint.

28. During all times relevant to this Complaint, Plaintiff and other similarly situated employees was/are covered employees entitled to the FLSA's protections.

29. Plaintiff and other similarly situated EMS workers are/were not exempt from receiving overtime wages and benefits because they are not employed in bona fide "executive", "administrative", or "professional" capacities, as defined under 29 U.S.C. § 213(a)(1).

30. 29 U.S.C. § 207(a) requires that covered employees receive overtime compensation "at a rate not less than one and one-half times the regular rate at which he is employed" for all hours worked over forty (40) in a workweek.

31. During all times relevant to this Complaint, Plaintiff and other similarly situated employees consistently worked beyond forty (40) hours in any given workweek and were not paid all overtimes wages for these excess hours.

32. During all times relevant to this Complaint, Defendant repeatedly violated the FLSA by failing to pay Plaintiff and other similarly situated EMS workers overtime wages at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

33. The failure of Defendant to compensate Plaintiff and members of Plaintiff's class for overtime work, as required by the FLSA was knowing, willful, intentional, and done in bad faith.

34. The work and pay records of Plaintiff and other similarly situated employees are in the custody and control of the Defendant, and Defendant has a duty to maintain and preserve such payroll and employment records pursuant to Section 11(c) of the FLSA and the Department of Labor's recordkeeping requirements outlined in 29 C.F.R. § 516. Plaintiff, individually and on behalf of all others similarly situated, requests this Court to order Defendant to preserve such records during the pendency of this action.

35. Pursuant to 29 U.S.C. § 216(b), Plaintiff and other similarly situated EMS workers are lawfully entitled to payment of the following damages:

> A. An award of back pay at a rate of one and one-half (1 1/2) times their normal hourly rate for all hours worked for Defendant in excess of forty (40) hours in any week;
>
> B. Liquidated damages;
>
> C. Reasonable attorneys' fees and costs incurred in prosecuting this action.

36. The relevant time period dates back three years from the date on which this Complaint for Collective Action is filed and continues until a date of judgment pursuant to 29 U.S.C. § 255(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests this Court to enter judgment for the following relief:

A. An Order authorizing the sending of appropriate notice to current and former employees of Defendant who are potential members of the collective action under the FLSA;

B. An Order requiring Defendant to account to Plaintiff and other similarly situated individuals a complete and accurate accounting of all overtime compensation and other compensation that they are entitled;

C. A declaratory judgment that Defendant has willfully and in bad faith violated the overtime compensation provisions of the FLSA, and has deprived Plaintiff and others similarly situated of their rights to such compensation;

D. An award of monetary damages to Plaintiff and others similarly situated in the form of back pay for overtime compensation and all other compensation to which they are entitled, together with liquidated damages in an equal amount;

E. Injunctive relief ordering Defendant to amend its wage and hour policies to comply with applicable laws;

F. Prejudgment interest;

G. An Order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy class-wide violations;

H. Attorney's fees and costs; and

I. Such other and further relief that this Court deems just and proper.

[Signature on Next Page]

Respectfully Submitted,

s/Janet E. Rhodes
Janet Rhodes, Esq. (Fed ID No. 10521)
MIKE KELLY LAW GROUP
1523 Huger Street, Suite A (29201)
Post Office Box 8113
Columbia, South Carolina 29202
Tel. (803) 461-2160
Fax (803) 252-7145
jrhodes@mklawgroup.com

**ATTORNEY FOR PLAINTIFF**

Columbia, South Carolina

April 8, 2022