**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| ABBEY BEEMER, *individually and on behalf of all others similarly situated*, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 2:22-cv-01145-DCN |
| vs. | ) ) | **ORDER** |
| CLARENDON COUNTY, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

The following matter is before the court on defendant Clarendon County's (the "County") motion for summary judgment, ECF No. 28. For the reasons set forth below, the court denies the County's motion for summary judgment.

## I. BACKGROUND

This matter arises from a dispute concerning employee classification and eligibility to receive overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. ECF No. 1, Compl. Plaintiff Abbey Beemer ("Beemer") is a citizen of South Carolina, residing in the County. Id. ¶ 2. The County is political subdivision of the State of South Carolina. Id. ¶ 3.

Beemer was employed by the County to provide emergency medical services ("EMS") as part of its Fire Rescue Department. Id. ¶ 4. She alleges that the County paid her reduced overtime wages as a result of it improperly classifying its EMS employees as firefighters under the FLSA. Id. ¶¶ 21–22.

The County operates its Fire Rescue Department as a joint emergency response unit that provides both fire and medical services. Id. ¶ 4. In total, the County had forty

1

(40) EMS employees on both full-time and part-time bases. Id. ¶ 14. All EMS employees were scheduled for twenty-four (24) hour shifts and regularly worked more than forty (40) hours in a week. Id. ¶¶ 18, 22. Each EMS employee was required to obtain fire rescue certifications and participate in fire rescue training. Id. ¶ 20. Based on the structure of their work hours and assigned job duties, the County classified the EMS employees as exempt from the traditional minimum wage and overtime provisions of the FLSA. Id. ¶ 17. Pursuant to that FLSA classification, the County paid the EMS employees a salary and provided hourly overtime wages once the statutory threshold was met. Id.

Beemer, individually and behalf of all others similarly situated, filed this action on April 8, 2022. ECF No. 1, Compl. The complaint seeks declaratory and injunctive relief for violations of the FLSA. Id. ¶¶ 24–36.

The County filed its motion for summary judgment on January 21, 2026. ECF No. 28. Beemer responded in opposition on February 10, 2026, ECF No. 31, to which the County replied on February 17, 2026, ECF No. 32. The court held a hearing on the County's motion on March 12, 2026. ECF No. 34. As such, the motion is fully briefed and now ripe for the court's review.

## II. STANDARD

Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly

2

supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In so doing, the court must view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

### III.   DISCUSSION

The County moves for summary judgment on Beemer's FLSA cause of action. ECF No. 28. It argues that there is no genuine issue of fact that it properly classified and paid Beemer as an exempt employee under the FLSA. ECF No. 28-1 at 1. Specifically, the County contends that Beemer was properly compensated pursuant to the FLSA exemption at 29 U.S.C. § 207(k) ("Section 207(k)") because she is an "employee engaged in fire protection activities" as defined by 29 U.S.C. § 203(y) ("Section 203(y)"). Id. at 5–11. In opposition, Beemer asserts that the County improperly classified her under Section 203(y) because she lacked both legal authority and responsibility to engage in fire suppression. ECF No. 31 at 5–10.

"Whether an employee is exempt from the FLSA's overtime requirements is a mixed question of law and fact[.]" Williams v. Genex Servs., LLC, 809 F.3d 103, 109

3

(4th Cir. 2015).  In FLSA exemption cases, "the ultimate question of whether the exemption applies is a question of law."  Calderon v. GEICO Gen. Ins. Co., 809 F.3d 111, 120 (4th Cir. 2015) (quoting Icicle Seafoods, Inc. v. Worthington, 475 U.S. 709, 714 (1986)).  The burden is on the employer to establish that the FLSA exemption applies to the employee by a preponderance of the evidence.  See Kelly v. City of Alexandria, 163 F.4th 95, 101 (4th Cir. 2025) (citing E.M.D. Sales, Inc. v. Carrera, 604 U.S. 45, 47 (2025)).   "When making the determination of whether an employee is exempt from the FLSA's overtime provisions, the exemption at issue should be given a fair (rather than a 'narrow') interpretation."  Ducharme v. Madewell Concrete, LLC, 2021 WL 2141728, at *3 (D.S.C. May 26, 2021) (quoting Encino Motorcars, LLC v. Navarro, 584 U.S. 79, 87 (2018) (internal quotation marks omitted).

The FLSA requires employers to pay employees overtime wages in the amount of one-and-a-half times the employee's "regular rate" for each hour worked in excess of forty (40) in a work week.  29 U.S.C. § 207(a)(1).  Section 207(k) provides a partial exemption from the FLSA's overtime wage requirements for an employee engaged in "fire protection activities".  Id. § 207(k).  Under Section 207(k), an employer need not provide overtime compensation to employees engaged in "fire protection activities" until its employee has worked over 212 hours during a twenty-eight day period.  See id. Section 203(y) defines an employee engaged in "fire protection activities" as:

> an employee, including a firefighter, paramedic, emergency medical technician, rescue worker, ambulance personnel, or hazardous materials worker, who . . . is trained in fire suppression, has the legal authority and responsibility to engage in fire suppression, and is employed by a fire department of a municipality, county, fire district, or State; and is engaged in the prevention, control, and extinguishment of fires or response to emergency situations where life, property, or the environment is at risk.

4

Id. § 203(y).  Courts consider five criteria to determine whether an employee meets the Section 203(y) definition to fall within the Section 207(k) exemption: (1) be trained in fire suppression; (2) have the legal authority to engage in fire suppression; (3) have the responsibility to engage in fire suppression; (4) be employed by a fire department of a municipality, county, fire district, or state; **and** (5) be engaged either (i) in the prevention, control, and extinguishment of fires, **or** (ii) in the response to emergency situations where life, property, or the environment is at risk.  See Davis v. Jasper Cnty., 2024 WL 3595355, at *2 (D.S.C. July 30, 2024) (citing Huff v. DeKalb Cnty., 516 F.3d 1273, 1279 (11th Cir. 2008)) (emphasis in original).

Over the course of her employment with the County's Fire Rescue Department, Beemer was a part-time "paramedic" and then promoted to a full-time "Paramedic/FF". Compl. ¶ 4; see ECF No. 31-1 at 8, 10.  The County required her to receive basic firefighter certifications from the South Carolina Fire Academy, see ECF No. 28-5 at 27–44, and participate in regular firefighter training exercises, see ECF No. 28-6 at 1–13. The ambulance to which she was assigned was equipped with firefighter "turn out" gear (protective, heat-resistant boots, helmet, and jacket), breathing apparatuses, and extrication equipment issued to her by the County.  See ECF No. 28-4.  Beemer has been routinely dispatched to fire emergencies alongside firefighter units.  ECF No. 31-1, Beemer Aff. ¶ 12.  However, Beemer has not engaged a live fire, and she believed that firefighting duties were not within the responsibilities of her employment.  Id. ¶¶ 12, 21.

The parties do not dispute that Beemer was trained in fire suppression, employed by the fire department, and responded to emergency situations where life, property, or the environment was at risk.  See ECF Nos. 28-1 at 8, 31 at 6; Huff, 516 F.3d at 1279.  At

5

issue is whether Beemer had the legal authority and responsibility to engage in fire suppression.  ECF Nos. 28-1 at 8–10, 31 at 6–10.

### A.  Legal Authority to Engage in Fire Suppression

Courts analyzing whether an employee has the "legal authority to engage in fire suppression" look to state and municipal codes governing fire departments, state firefighting certifications, and the employee's proximity to its employer's firefighting operations.  See Patterson v. Dallas/Fort Worth Int'l Airport Bd., 490 F. Supp. 3d 1034, 1040–45  (N.D. Tex. 2021); Hermsen v. City of Kansas City, 2014 WL 12773937, at *4 (W.D. Mo. June 25, 2014); Gonzalez v. City of Deerfield Beach, 510 F. Supp. 2d 1037, 1040 (S.D. Fla. 2007), aff'd, 549 F.3d 1331 (11th Cir. 2008).

The South Carolina Code provides the legal authority that governs all firefighters within the state.  See S.C. Code Ann. § 40-80-10 et seq.  Therein, a "firefighter" is defined as anyone who is employed by a fire department as a recruit or with training, and "engages in rescue, fire suppression, or related activities under the supervision of a fire chief or fire department."  Id. §§ 40-80-10(2), (5).  Further, "firefighting duties" include responsibilities that are "related to rescue, fire suppression, public safety, and related activities as assigned by a fire chief."  Id. § 40-80-10(6).

There is no genuine issue of fact that Beemer possessed the "legal authority to engage in fire suppression" under the South Carolina Code.  See S.C. Code Ann. § 40-80-10 et seq.  Beemer falls within the definition of a "firefighter" because she is employed by the County's Fire Rescue Department and possesses the necessary training and certifications from the South Carolina Fire Academy.  See ECF Nos. 28-3, ECF No. 28-5 at 27–44; Patterson, 490 F. Supp. 3d at 1045.  At all times, Beemer was supervised by and

6

reported to the County's fire chief.  See Beemer Aff. ¶ 11; Hermsen, 2014 WL 12773937, at *4 ("It is unrealistic and unreasonable to conclude that all members of the City fire department did not have the legal authority or responsibility to engage in fire suppression.").  Further, Beemer's job description contains "firefighter duties" such as emergency care and transportation of patients that are to be undertaken during situations "related to rescue, fire suppression, and public safety."  See ECF No. 31-1 at 15; S.C. Code Ann. § 40-80-10(6).

### B.  Responsibility to Engage in Fire Suppression

Although the Fourth Circuit has not yet analyzed the issue, other circuits are split in their interpretation of the phrase "responsibility to engage in fire suppression."  See Davis, 2024 WL 3595355, at *3; 29 U.S.C. § 203(y).  The Third, Eighth, and Ninth Circuits require a showing that the employee has "some real obligation" for fire suppression to demonstrate responsibility under Section 203(y).  See Lawrence v. City of Phila., 527 F.3d 299, 312 (3d Cir. 2008) ("[T]o be responsible for something, a person must be required to do it or be subject to penalty."); Zimmerli v. City of Kansas City, 996 F.3d 857, 869 (8th Cir. 2021); Cleveland v. City of L.A., 420 F. 3d 981, 990 (9th Cir. 2005), cert. denied 546 U.S. 1176 (2006) (ascertaining the ordinary, common meaning of "responsibility" at the time Section 203(y) was added to the FLSA to be "a duty, obligation or burden").  The Fifth and Eleventh Circuits interpret responsibility under Section 203(y) to be a "forward-looking, affirmative duty or obligation that an employee may have at some point in the future," Huff, 516 F.3d at 1281, that applies "even though they may spend one hundred percent of their time responding to medical emergencies," McGavock v. City of Water Valley, 452 F.3d 423, 427 (5th Cir. 2006).  Both standards for

analyzing whether an employee has a "responsibility to engage in fire suppression" under Section 203(y)—"some real obligation" and "forward-looking"—are fact-intensive inquiries.[1]  See Zimmerli, 996 F.3d at 869.

There is a genuine issue of fact as to whether Beemer has a "responsibility to engage in fire suppression" under both the "some real obligation" the "forward-looking" standards.  There are not sufficient facts in the record to determine whether the County actually expected Beemer, as part of her employment, to perform the firefighting duties for which she was trained.  Compare Cleveland, 420 F.3d at 984 (finding "dual function paramedics" who were fully trained in firefighting had no real obligation to engage in fire suppression because they were not regularly dispatched to fire scenes, did not carry firefighting equipment, and were expected to perform only medical services), with Huff, 516 F.3d at 1281 (finding "cross-trained firefighter/paramedics" had forward-looking responsibility to engage in fire suppression because they possessed advanced training, were regularly dispatched to fire emergencies, and could be disciplined if they refused to do so).  Beemer's job title is "Paramedic/FF" and she is frequently dispatched to fire emergencies, but her job description does not explicitly detail whether she is responsible for fire suppression.  See Lawrence, 527 F.3d at 305–06 (finding "fire service paramedics" lacked responsibility under Section 203(y) where their job description did

---

[1] Since the FLSA was amended to include Section 203(y) in 1999, no district court within the Fourth Circuit has fully analyzed either of the prevailing standards for determining a whether an employee has a "responsibility to engage in fire suppression." Courts in this district have stated that there is no need conduct a factor-by-factor analysis of Section 203(y) when it is "abundantly clear" that the employee had the responsibility to engage in fire suppression.  Davis, 2024 WL 3595355, at *3 (quoting Regan v. City of Hanahan, 2017 WL 2303504, at *3 (D.S.C. May 26, 2017)).  That is not the case with Beemer, and neither the Davis nor Regan decision is instructive as to whether the "some real obligation" or "forward-looking" standard should be applied here.

8

not "refer[ ] to any role with respect to fire protection or fire suppression.").  However, Beemer was at all times employed, certified, and equipped to perform firefighter duties. See McGavock, 452 F.3d at 427 (stating that Congress "intended all emergency medical technicians (EMTs) trained as firefighters and attached to a fire department to be considered employees engaged in fire protection even though they may spend one hundred percent of their time responding to medical emergencies" in Section 203(y)). That Beemer may have not yet entered a burning building or used a firehose to extinguish a live fire does not negate that she may have "some real obligation" or "forward-looking" responsibility to provide essential assistance in fire suppression to the County's Fire Rescue Department.  See Zimmerli, 996 F.3d at 869 (finding "fire medics" who were "assigned to ambulances and relegated to fire combat support roles" had responsibility to engage in fire suppression because their duties "are integral to fire suppression").

Because there is a genuine issue of fact as to whether Beemer possessed a "responsibility to engage in fire suppression", there is likewise a genuine issue as to whether Beemer was engaged "fire protection activities" as defined by Section 203(y). See 29 U.S.C. § 203(y).  Consequently, the County has not carried its burden to establish that the FLSA exemption at Section 207(k) applies to Beemer.  See Kelly, 163 F.4th at 101.  As such, the court denies the County's motion for summary judgment.

9

## IV.   CONCLUSION

For the reasons set forth above, the court **DENIES** the County's motion for summary judgment.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 19, 2026**
**Charleston, South Carolina**